# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH C. NILLES,

Plaintiff,

vs.

GIVAUDAN FLAVORS CORP.,

Defendant.

Case No. 1:10-cv-919

Judge Timothy S. Black

## ORDER DENYING DEFENDANT'S
## MOTION FOR ATTORNEY'S FEES (Doc. 31)

This civil action is currently before the Court on Defendant's motion for attorney's fees (Doc. 31) and the parties' responsive memoranda (Docs. 34, 35).

Following this Court's Order granting Defendant's motion for summary judgment (Doc. 29), Defendant has now filed a motion for fees (in excess of $55,255), arguing that it is entitled its attorney's fees from the date of Plaintiff's deposition forward.

## I. BACKGROUND FACTS[1]

Following Plaintiff's deposition, Defendant sent a letter to counsel stating that the action was groundless and urging Plaintiff to dismiss the action. (Doc. 31 at 1). Defendant subsequently sent a second letter noting that if Plaintiff did not dismiss the case, it would seek fees. (*Id.* at 2). Specifically, Defendant maintains that Plaintiff's admissions during his deposition established that his case had no merit. (*Id.* at 3).

---

[1] The facts of this case are recited in detail in this Court's Order granting Defendant's motion for summary judgment. (*See* Doc. 29 at 1-6).

Subsequently, this Court ruled that summary judgment was warranted on all claims. (*See* Doc. 29). With respect to the ADA claim, the only element in dispute was whether the decision-maker, Dabney, knew that Plaintiff had multiple sclerosis. (*Id.* at 8). This Court held that despite Dabney's knowledge that Plaintiff had an illness necessitating several doctor's visits, and despite Spencer's actual knowledge of Plaintiff's MS, Dabney had no actual knowledge that Plaintiff had MS. (*Id.* at 9-10). This finding was fatal to Plaintiff's disability discrimination claim. (*Id.* at 11).

With respect to Plaintiff's FMLA retaliation claim, this Court held that Plaintiff failed to establish a causal connection between his April 2009 FMLA leave and his October 2009 termination, because the time between the two events was too attenuated. The Court also relied on Defendant's evidence that Dabney had formed a plan to terminate Plaintiff before he took leave in April 2009. (*Id.* at 14-15).

Finally, this Court dismissed the gender discrimination claim because it concluded that Plaintiff failed to present evidence that Defendant was "the rare employer who discriminates against the majority." (*Id.* at 16).

## II. STANDARD OF REVIEW

"A federal court has the inherent power to impose sanctions against a party or non-party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Am. Trust v. Sabino*, No. 99-4214, 2000 U.S. App. LEXIS 25404, at *1 (6th Cir. Sept. 28, 2000). This is an independent basis aside from Rule 11 or Section 1927 for sanctioning

bad faith litigation conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). A court need only find "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997). Furthermore, a court may impose sanctions jointly and severally against a party and his counsel. *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002) (affirming district court sanctions penalty against plaintiffs and their attorney jointly and severally for, *inter alia*, presenting factual allegations before the court that "patently lacked evidentiary support").

Additionally, 18 U.S.C. § 1927 authorizes sanctions under certain circumstances even absent any showing of bad faith:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Unlike sanctions imposed under a court's inherent authority, § 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). The purpose of the sanctioning power authorized under § 1927 is to "deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Id.* "Thus,

an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.*

However, a defendant is not entitled to an award of attorney's fees in a Title VII or ADA case unless the defendant can prove that plaintiff's actions were "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Even then, an award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct. *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986).

### III. ANALYSIS

Defendant claims that he is entitled to attorney fees because Plaintiff admitted in his deposition that he had no evidence of disability discrimination, gender discrimination, or FMLA retaliation. (Doc. 31 at 5). However, Defendant fails to cite any record evidence supporting this accusation. Moreover, as Plaintiff explains, he did not possess all the evidence necessary to prove his claims before discovery – and Defendant deposed Plaintiff before having completed discovery. (Doc. 34 at 5). Therefore, to expect Plaintiff to have all the evidence necessary to prove his claims at the time of his deposition is unreasonable and is not an indication that his claims were frivolous. "Decisive facts may not emerge until discovery or trial." *Christiansburg*, 434 U.S. at 421.

Defendant's argument relies on four assertions:[2]

(1) Plaintiff "lied" early in his deposition and in his EEOC charge when he stated that he informed Willie Spencer of his MS in August 2008, and only later corrected his testimony to place the date in April 2009;

(2) Plaintiff had no evidence of disability discrimination because he had no evidence that Willie Spencer informed Jack Dabney of Plaintiff's disability;

(3) Plaintiff had no evidence of sex discrimination because his claim was based on the fact that Nancy Fulmer was selected for the consolidated position rather than him, and Plaintiff had recommended Fulmer for hire initially and stated that he respected her; and

(4) Plaintiff had no evidence of FMLA retaliation because his claim was based on his impression that his leave was short-term disability leave and that he had been denied FMLA leave.

First, Plaintiff did not lie about the date he informed Spencer of his MS. While he initially got the date wrong, there is no evidence to support the claim that this mistake was intentional. (Doc. 31 at 1, n. 1).

Second, Plaintiff had no evidence that Spencer told Danbey about his MS. However, that does not make his claim frivolous. Perhaps Plaintiff would have learned in discovery that the HR manager shared Plaintiff's disability with his supervisor. Plaintiff is entitled to go through the discovery process to determine this fact. Moreover, the fact

---

[2] Not only does Defendant rely on caselaw from other circuits in maintaining his claim for fees, but the cases cited are inapposite. *See, e.g., Dutton v. Univ. Healthcare Sys.*, 136 Fed. App. 596, 603 (5th Cir. 2005) (plaintiff admitted that she stated that her own job performance as "does not meet expectations" and indicated that all of the proffered reasons for her termination were factually accurate); *Adkins v. Briggs & Stratton*, 159 F.3d 306, 307 (7th Cir. 1998) (an employee was found asleep on a forklift and four months *after* his termination was diagnosed with narcolepsy).

that someone in management knew about Plaintiff's disability is sufficient to find that the claim was not frivolous.

Third, the fact that Defendant selected a female over Plaintiff is evidence of gender discrimination – although it was not sufficient to prove a discrimination claim, it is some evidence.

Finally, Plaintiff testified that he did not realize at the time that short-term disability and FMLA leave were granted concurrently. (Doc. 16 at 94). His confusion over whether Defendant granted the FMLA leave request does not evidence that his claim for FMLA retaliation was frivolous.

While Plaintiff's claims failed at summary judgment, this Court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22. Defendant has failed to evidence that Plaintiff's actions were frivolous, unreasonable, or without foundation. Moreover, this Court cannot find any "egregious misconduct" sufficient to justify the extreme sanction of awarding attorney fees.[3]

## IV. CONCLUSION

Accordingly, for the reasons stated herein, Defendant's motion for attorney's fees, (Doc. 31) is **DENIED**.

---

[3] The Court declines to address whether Defendant is entitled to assess attorney's fees upon counsel personally, as no fees will be awarded.

**IT IS SO ORDERED.**

Date: 7/17/12

Timothy S. Black
Timothy S. Black
United States District Judge